[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 20, 2011
JOHN LEY
CLERK

No. 10-12749
Non-Argument Calendar

_____

Agency No. A099-920-479


DYANA ANDREA ROMERO CASTILLO,
JAVIER EDUARDO LOPEZ RUBIANO,

                                                                              Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                                              Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 20, 2011)

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Dyana Andrea Romero-Castillo ("Romero-Castillo") and her husband Javier

Eduardo Lopez-Rubiano ("Lopez-Rubiano") appeal the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") order of removal and denying their application for asylum.[1] After review, we determine that (1) because Romero-Castillo failed to exhaust her administrative remedies by arguing on appeal to the BIA that removal had not been conceded, we lack jurisdiction to review her argument that neither she nor her husband had conceded their removability and so their removability was unproven, and (2) because, assuming as the BIA did that her testimony was credible, the record compels the conclusion that Romero-Castillo suffered past persecution. Thus, we grant Romero-Castillo's petition, vacate the BIA's decision, and remand for further proceedings.

I.

On appeal, Romero-Castillo argues that the record does not clearly show that she or Lopez-Rubiano either admitted to the factual allegations contained in the Notices to Appear or conceded their removability, as the IJ found. The government responds that the court lacks jurisdiction over this claim because Romero-Castillo did not raise it before the BIA.

We lack "jurisdiction to consider a claim raised in a petition for review

---

[1] Romero-Castillo is the lead petitioner in this case. Because the success of Lopez-Rubiano's petition depends on that of hers, we discuss only hers in the text of this opinion.

2

unless the petitioner has exhausted [her] administrative remedies with respect thereto." *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (citing 8 U.S.C. § 1252(d)(1)).  Thus, if an alien fails to raise a claim to the BIA, we lack jurisdiction to consider that claim, even if the BIA addresses the issue *sua sponte*.  *Id.*[2]

Romero-Castillo's challenge to the IJ's finding that she and Lopez-Rubiano conceded their removability is that the record was unclear on certain details of her alleged admission and that Lopez-Rubiano's presence was not even documented. Whatever the deficiencies in the record, their counsel at the subsequent merits hearing raised no argument as to their removability, focusing instead on relief from removal.  The IJ noted that "[a]t the prior hearing the respondents admitted the allegations and conceded the charge in the Notices to Appear, and were found to be subject to removal from the United States."  The IJ also concluded by ordering them "removed from the United States to Colombia on the charge contained in the Notice to Appear."  Romero-Castillo did not object in any way. Moreover, Romero-Castillo did not challenge this finding before the BIA.

Thus,  Romero-Castillo failed to exhaust her administrative remedies

_____

[2] We review our subject matter jurisdiction de novo. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).

3

because she did not contest or object to the IJ's ruling that removal had been conceded, either at the hearing, in a post-hearing motion, or in her appeal to the BIA. We therefore lack jurisdiction to consider this argument and dismiss Romero-Castillo's petition as to this claim.

## II.

Romero-Castillo also argues that the BIA erred in affirming the IJ's denial of her asylum application for three reasons. First, Romero-Castillo contends that because the BIA failed to review the IJ's adverse credibility determination, we cannot affirm the removal order. Second, she claims that the IJ found her uncredible based on a minor inconsistency that was insignificant. Third, Romero-Castillo argues that she established past persecution and/or a well-founded fear of future persecution based on incidents that included a paramilitary group attempting to murder her at her home.

We review under the substantial evidence test the BIA's factual determination that an alien is ineligible for asylum. *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1230 (11th Cir. 2007).[3] Although we review IJ findings that

---

[3] We view the record evidence in the light most favorable to the agency's decision and may reverse only when the record compels a reversal. *Sanchez Jimenez*, 492 F.3d at 1230. We will affirm if the BIA's decision is supported by reasonable, substantial, and probative evidence on the record considered as a whole. *Id.*

the BIA expressly adopts, we do not review unadopted IJ findings. *Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1344 (11th Cir. 2007).

An alien may qualify for asylum by presenting credible evidence showing either (1) past persecution on account of her political opinion or any other protected ground, or (2) a well-founded fear that her political opinion or any other protected ground will cause future persecution. *Sanchez Jimenez*, 492 F.3d at 1232. A showing of past persecution creates a rebuttable presumption of a well-founded fear of future persecution. *Id.*

Here, although Romero-Castillo contends that the IJ erred in finding that she was not credible, we do not address this contention because the BIA did not adopt the IJ's adverse credibility determination. *Lopez*, 504 F.3d at 1344. Instead, the BIA reasoned that even if she was deemed credible, Romero-Castillo had failed to establish past persecution or a well-founded fear of future persecution.

Assuming Romero-Castillo's testimony is credible, as the BIA did, the record demonstrates that Romero-Castillo suffered past persecution. She received threatening phone calls at home, as well as a letter declaring her and her husband "military objectives" of the paramilitary group United Auto Defense of Colombia ("AUC"). After receiving the letter, Romero-Castillo filed a criminal complaint against the AUC's leader, but this provided her no protection. On January 25,

2006, two men on a motorcycle shot at her while she was standing outside of her house. The next day, the AUC called Romero-Castillo at her home, took responsibility for the shooting, and threatened that the "the next time [she would] not be safe."

On this record, *Sanchez Jimenez* compels the conclusion that Romero-Castillo suffered past persecution. As in *Sanchez Jimenez*, Romero-Castillo received death threats, had the paramilitary declare her a military objective, was shot at, and later received confirmation that it was the paramilitary who had attempted to kill her. *See Sanchez Jimenez*, 492 F.3d at 1233. Moreover, the threatening phone calls and letter—demanding she break from a Columbian human rights group—show that this persecution was based on Romero-Castillo's political opinion.

The BIA misapplied *Sanchez Jimenez* in determining that those facts, if they exist, would not establish past persecution and thereby entitle her to a rebuttable presumption of future persecution. Whether those facts exist depends on the credibility determination of the IJ, which the BIA will need to review on remand. If it upholds the IJ's determination that Romero-Castillo is not credible, she will not be entitled to any relief. If, however, the BIA finds that the IJ erred in discrediting Romero-Castillo's testimony, she will have established past

6

persecution.  That, in turn, will entitle her to a rebuttable presumption of future persecution.  Accordingly, we grant the petition in part, vacate the BIA's decision, and remand for further proceedings not inconsistent with this opinion.[4]

**GRANTED IN PART, DISMISSED IN PART.**

---

[4] Because Romero-Castillo declares that we need not consider her withholding of removal or CAT relief claims, we dismiss her petition as to those claims.  Nor do we reach the question of relocation because, contrary to the BIA's ruling, Romero-Castillo does not have the burden of proof on that issue if she has established past persecution.  8 C.F.R. § 1208.13(b)(1)(i)(B) and (ii).